**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| James Edward Scott III, | Case No. 2:25-cv-02032-JAD-DJA |
| Plaintiff | |
| v. | |
| Regional Transportation Commission of | **Order Adopting Report and Recommendation and Dismissing Case** |
| Southern Nevada (RTC), | |
| Defendant | |

**On 5/7/26, the magistrate judge entered this report and recommendation [ECF No. 6]:**

On October 22, 2025, the undersigned magistrate judge denied Plaintiff's application to proceed *in forma pauperis* (meaning to proceed without paying the filing fee) and ordered Plaintiff to file a renewed application. (ECF No. 5). The undersigned gave Plaintiff until November 21, 2025, to file a renewed application and informed Plaintiff that "[f]ailure to timely comply with this order will result in a recommendation to the district judge that the case be dismissed." Plaintiff missed the November 21, 2025, deadline and to date has not filed anything further on the docket.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the undersigned's order, the undersigned recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with a Court order impedes

this goal.  The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to comply with a Court order or properly initiate this action.  The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost.  The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors.  Fifth, there are no less drastic sanctions when Plaintiff has not complied with a Court order.  Given the fact that Plaintiff has sought to proceed without paying the filing fee, monetary sanctions are not practical.  Nor are other non-monetary sanctions an option if Plaintiff does not to follow Court orders.  The fifth factor weighs in favor of dismissal.  The undersigned thus recommends dismissing Plaintiff's case without prejudice.  A dismissal without prejudice allows Plaintiff to file a new case with the Court, under a new case number.

IT IS RECOMMENDED that this case be dismissed without prejudice.

### Order Adopting
### Report and Recommendation and Dismissing Case

The deadline for any party to object to this recommendation was 5/21/2026, and no party filed anything or asked to extend the deadline to do so.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and recommendation, I find good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No.  6] is ADOPTED** in its entirety, and **THIS CASE IS DISMISSED for the reasons stated in the report and recommendation.  The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 27, 2026